**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Garnishor, ) | |
| ) | |
| vs. ) | Case No. CR-05-128-M |
| ) | |
| WILLIE LEE ANDERSON, ) | |
| ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| TEACHERS' RETIREMENT SYSTEM ) | |
| OF OKLAHOMA, ) | |
| ) | |
| Garnishee. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Defendant Willie Lee Anderson's claim for exemption filed June 13, 2007. A hearing was held on the claim for exemption on August 7, 2007, with the Government appearing by counsel, Eleanor D. Thompson, Assistant United States Attorney and the Defendant Anderson, who is presently incarcerated in the FCI-El Reno, appearing by telephone. Also appearing was Chuck Wade, attorney for the Lawton Public School District, the entity from whom the funds were embezzled and to whom the restitution is owed. Arguments were heard, following which the undersigned announced in open court that the recommendation would be that Mr. Anderson's claim for exemption be denied. However, the undersigned took the matter under advisement as to the Government's request, first raised during the hearing, that it was entitled to Mr. Anderson's gross pay minus federal income tax withholding, but no withholding for the state income tax. This Report and Recommendation is now entered to memorialize the

findings made in open Court as well as to address the Government's request for garnishment of Mr. Anderson's gross pay, minus the federal withholding.

**PROCEDURAL HISTORY**

The Court file reflects that Mr. Anderson entered a plea of guilty on August 11, 2005, to a one count Information charging him with embezzlement concerning programs receiving federal funds and aiding and abetting in violation of 18 U.S.C. § 666(a)(1)(A) and 18 U.S.C. § 2. A sentencing hearing was held on December 14, 2005, and Mr. Anderson was sentenced to 57 months imprisonment, a three year term of supervised release and he was ordered to pay restitution in the amount of $480,468.00 along with a special assessment of $100.00.

On May 16, 2007, the Government filed its application for a post-judgment continuing writ of garnishment and by an order dated May 17, 2007, the garnishment writ was issued to the Oklahoma Teacher's Retirement, which was alleged to be holding a deferred compensation plan for Mr. Anderson.[1] The Oklahoma Teachers' Retirement System filed its Garnishee's answer on June 6, 2007 indicating that Mr. Anderson has a retirement date of June 1, 2005 and since that date he has been drawing a monthly retirement check from the Oklahoma Teachers' Retirement System. The answer further indicated that the Oklahoma Teachers' Retirement System had possession of Mr. Anderson's June 1, 2007, retirement check in the net amount of $2,159.92. However, the Oklahoma Teachers' Retirement System further indicated in its answer that such funds

---

[1] Apparently the Oklahoma Teacher's Retirement, to whom the Government requested the writ to issue, is actually the Teachers' Retirement System of Oklahoma (hereinafter Oklahoma Teachers' Retirement System).

are exempt from levy, attachment, garnishment or other processes under Oklahoma law, citing Okla. Stat. tit. 70 § 17-109(A). Mr. Anderson timely filed his claim for exemption and request for hearing and as noted the hearing was held on August 7, 2007.

**HEARING**

Mr. Anderson stated that he was claiming an exemption based upon the hardship to him and his family if the retirement funds are garnished. He stated that his Oklahoma teacher's retirement check is the only contribution he is able to make to his wife for the indebtedness they have incurred and for her household expenses. He estimated he has $62,000.00 plus in credit card debt, a $900.00 plus monthly house payment, a $745.00 car payment and he owes an amount on his 2005 and 2006 federal income taxes. He stated that his wife recently retired and she is receiving a monthly retirement check from the Oklahoma Teachers' Retirement System in the approximate amount of $2,100.00 to $2,200.00.

The undersigned questioned Mr. Anderson about whether his only claim for exemption was undue hardship and he stated it was. The undersigned noted that the Garnishee set forth in its answer the Oklahoma statutory provision which exempts from garnishment all monies in the teachers' retirement system, Okla. Stat. tit. 70 § 17-109(A), and inquired whether Mr. Anderson was also claiming that as an exemption. He stated that hardship was his only claim for exemption.

Ms. Thompson, in response, directed the undersigned's attention to the case of United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D. Okla. 2002) for the proposition that Mr. Anderson's claim for exemption was not recognized under the criminal statutes

of the United States. She also asserted that the Government was entitled to Mr. Anderson's gross retirement pay, less only the amount the retirement fund withheld for federal income taxes. In otherwords, she was claiming that no amount should be withheld from garnishment for the state withholding. In support of her argument, she cited to <u>Internal Revenue Service Private Letter Ruling</u> 200426027, 2004 WL 1427592 (Issued June 25, 2004).

Mr. Wade pointed out the hardship that Mr. Anderson's actions and those of others caused the Lawton Public School District and he urged that Mr. Anderson's claim for exemption be denied. In reply, Mr. Anderson essentially stated that he had nothing else to offer. Before announcing what my recommendation would be, I called Mr. Anderson's attention to 18 U.S.C. § 3613(a) and the narrow range of exemptions allowed under the criminal statutes of the United States. I also read to him the various exemptions allowed by 26 U.S.C. § 6334(a)(1)(2)(3)(4)(5)(6)(7)(8)(10) and (12) and gave him an opportunity to be further heard. The undersigned then announced my recommendation that his claim for exemption be denied, but I took under advisement the Government's request as to whether state withholding should be withheld from the garnished funds.

**<u>ANALYSIS</u>**

The United States may enforce a criminal judgment imposing a fine or restitution in accordance with the practices and procedures for the enforcement of a civil judgment under either State or Federal law. 18 U.S.C. § 3613(a); (f). That statute sets forth the narrow range of property which is exempt from such collection efforts. It provides that

a judgment imposing a fine or order of restitution may be enforced against all property or rights to property of the person against whom the judgment is entered except that:

> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). Thus, a defendant has ten of the Internal Revenue Code exemptions, 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12). Secondly, a defendant has available the wage exemption which is available to all debtors in the United States under the Consumer Credit Protection Act, 15 U.S.C. § 1673. Here, Mr. Anderson asserts the claim for exemption from garnishment as hardship to him and his family. Although Mr. Anderson did not provide any authority for his hardship claim, the undersigned notes that Okla. Stat. tit. 31 § 1.1 provides for an exemption to garnishment proceedings under Oklahoma law on wages due to "undue hardship."

However, as noted above, the exemption for "undue hardship" under Oklahoma law is not one of the exemptions Congress chose to make available to a judgment debtor who owes a fine or restitution under the criminal laws of the United States. Thus, the undersigned finds that this claim for exemption is unavailable to Mr. Anderson.

Even though Mr. Anderson does not assert an exemption under Okla. Stat. tit. 70 § 17-109(A), the undersigned notes again that while the monies in question are exempt

under Oklahoma law, Congress has chosen not to exempt said funds from garnishment proceedings to collect federal criminal fines and restitution.  See United States v. James, 312 F.Supp.2d 802, 805-06 (E.D. Va. 2004); United States v. Garcia, No. 96-10049-01-JTM, 2003 WL 22594362 (D. Kan., Nov. 6, 2003) (unpublished disposition); United States v. Rice, 196 F.Supp.2d 1196, 1199 (N.D., Okla. 2002).  The undersigned also finds that none of the other enumerated exemption provisions contained in 18 U.S.C. § 3613(a) are applicable.  Thus, the undersigned finds that Mr. Anderson's claim for exemption should be denied.

As noted, the Government argued at the hearing that it is entitled to the gross amount of Mr. Anderson's monthly retirement check minus only the amount withheld for federal income taxes.  The Government points out that the Garnishee's answer indicates that Mr. Anderson's monthly retirement check is in the gross amount of $2,372.92 and that from that amount the Oklahoma Teachers' Retirement System withholds $190.00 for federal tax withholding and $23.00 for state withholding, with a net amount to Mr. Anderson of $2,159.92.  The Government thus takes the position that it is entitled to garnish the entire gross amount less only the $190.00 withheld for federal withholding. In support of its argument, the Government cites Internal Revenue Service Private Letter Ruling 200426027, 2004 WL 1427592 (Issued June 25, 2004).  It appears to the undersigned that the basis for the private letter ruling in question was a request from a company requesting rulings from the Internal Revenue Service in situations where the United States Government obtained garnishment orders under 28 U.S.C. § 3001-3308 and 18 U.S.C. § 3613(c) against persons who had a collectively bargained defined

contribution retirement plan or collectively bargained defined benefit retirement plan with the company. Id. at p. 3, 5. The company requested rulings on five different issues. Id. at pp. 5-6. In support of its argument, the Government highlighted the ruling in response to the company's fifth ruling request. Id. at p. 12. That particular ruling request reads as follows:

> 5. To what extent, if any, do payments made from either Plan X or Plan W to the United States Government pursuant to the above-referenced orders of garnishment obtained pursuant to 18 U.S.C. § 3613(c) constitute eligible rollover distributions within the meaning of Code § 402(c)(4), such that Company M must (1) provide a written notice to affected plan participants or beneficiaries before making distributions as provided under Code § 402(f); and (2) withhold federal income taxes at the mandatory 20% rate, as required under Code §§ 3405(c)(1) and (d)(2).

Id. at p. 6.

The Internal Revenue Service answered that inquiry as follows:

> With respect to your fifth ruling request, in accordance with the law cited above, distributions of pension assets made pursuant to a Service levy are, thus taxable distributions under Code § 402(a). If such distributions are eligible rollover distributions, they are subject to the mandatory 20-percent withholding. Since under 18 U.S.C. § 3613(c), the liability of a person fined or ordered to make restitution is treated as a tax liability, distributions from a qualified pension plan pursuant to a garnishment order enforcing collection of a criminal fine or restitution payment are governed by the same rules.

Id. at p. 12.

Thus, the Government argues that while the Garnishee, the Oklahoma Teachers' Retirement System, is required to withhold the $190.00 federal withholding from the Government's garnishment of Mr. Anderson's monthly retirement pay, the Garnishee is

7

not required to withhold the state withholding.  The undersigned's reading of the private letter ruling does not support such an interpretation as it does not appear to address state tax withholding at all.  Moreover, while private letter rulings may be cited as evidence of administrative interpretation, they are not binding authority.  True Oil Company v. Commissioner of Internal Revenue, 170 F.3d 1294, 1302 (10th Cir. 1999).  Thus, the undersigned recommends that the Government only be entitled to garnish Mr. Anderson's net monthly retirement pay.

In summary, the undersigned finds that Mr. Anderson's request for exemption should be denied and the Government should be permitted to garnish Mr. Anderson's net monthly retirement pay from the Oklahoma Teachers' Retirement System.

The parties are advised of their right to object to this Report and Recommendation by August 29, 2007 in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 9th day of August, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE